

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1 0 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRANDI LEE BRADDOCK, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-161-A |
| | § | (NO. 4:17-CR-161-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Brandi Lee Braddock ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion (including additional type-written pages attached thereto), the government's response, and pertinent parts of the record in Case No. 4:17-CR-161-A, styled "United States of America v. Brandi Lee Braddock," the court has concluded that the motion should be denied.

I.

### Background

Information contained in the record of the underlying criminal case discloses the following:

On September 20, 2017, movant was named in a one-count information charging her with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR

Doc.[1] 76. On October 4, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 80. Movant and her attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 83. Movant and counsel also signed a waiver of indictment. CR Doc. 82. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 106.

The probation officer prepared a PSR reflecting that movant's base offense level was 32. CR Doc. 86, ¶ 30. Movant

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-161-A.

received three two-level enhancements for possession of a firearm, id. ¶ 31, importation of methamphetamine from Mexico, id. ¶ 32, and maintaining a premises for manufacturing or distributing a controlled substance, id. ¶ 33. She additionally received a two-level enhancement for obstruction of justice. Id. ¶ 36. She received a two-level and a one-level adjustment for acceptance of responsibility. Id. ¶¶ 39-40. Based on a total offense level of 37 and a criminal history category of IV, movant's guideline range was 292 to 365 months, but the range became 240 months, the statutorily authorized sentence. Id. ¶ 95. Movant objected and the probation officer filed an addendum to the PSR. CR Doc. 91. In addition, the probation officer prepared a second addendum to the PSR following receipt of laboratory documents from the government confirming the weight and presence of methamphetamine, not its purity. CR Doc. 96.

On February 16, 2018, movant was sentenced to a term of imprisonment of 200 months. CR Doc. 100. The court heard testimony in support of the government's motion for downward departure and granted movant a 40-month reduction for her cooperation. CR Doc. 107 at 19. The court noted that it would have imposed "at least that much of a sentence" even if she had not received the two-level increase for obstruction of justice. Id. Movant did not appeal.

## II.

### Grounds of the Motion

Movant asserts four grounds in support of her motion, all complaining of ineffective assistance of counsel. Doc.[2] 1. First, she says her attorney failed to object to her being charged with actual methamphetamine. Id. at PageID[3] 3. Second, her attorney failed to make objections to the PSR that movant wanted him to make. Id. at PageID 4. Third, her attorney failed to have movant's pretrial time count towards her incarceration. Id. at PageID 5. And, fourth, her attorney failed to object to the incorrect number of criminal history points. Id. at PageID 7.

## III.

### Standards of Review

A. **28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional

---

[2]The "Doc.__" reference is to the number of the item on the docket in this civil action.

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers are not sequential and the additional pages attached are not numbered.

or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant's first ground is based on the premise that she was punished for methamphetamine (actual). The first two additional pages attached to the motion, Doc. 1 at PageID 12-13, discuss decisions of certain district judges not to follow the sentencing guidelines to the extent that there is a distinction between methamphetamine and methamphetamine (actual). However, movant was not held accountable for methamphetamine (actual). Her first ground is without merit.

In her second ground, movant makes the conclusory allegation that her attorney "was ineffective for failing to make objections to the [PSR] that [movant] wanted to be made." Doc. 1 at PageID 4. The corresponding typewritten page, id. At PageID 14, likewise fails to allege specific facts to support her contention. There is no reason to believe that movant had any meritorious objection that was not made. Counsel did object to the two-level obstruction enhancement, but that was overruled as movant's case was clearly distinguishable from the one upon which she relied. See CR Doc. 91.

Movant next alleges that her counsel was ineffective for failing to assure that she received credit for time she spent in pretrial detention in Dallas County. Doc. 1 at PageID 5, 15. That

is not within the purview of counsel. Title 18 U.S.C. § 3585 determines when a federal sentence commences and whether credit against that sentence must be granted for time spent in official detention before the sentence began. <u>Reno v. Koray</u>, 515 U.S. 50, 55 (1995). The statute provides:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>   **(1)** as a result of the offense for which the sentence was imposed; or
>   **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). The United States Attorney General is responsible for sentence computation. <u>United States v. Wilson</u>, 503 U.S. 329, 334-35 (1992). This authority has been delegated to the Bureau of Prisons. <u>Id.</u> If movant questions the application of time credit, she must exhaust her administrative remedies and pursue relief through an application under 28 U.S.C. § 2241.

In her final ground, movant alleges that her counsel was ineffective for failing to object to the incorrect number of

criminal history points she received. Doc. 1 at PageID 7. She specifically refers to one point added for driving with an invalid license and unidentified "other" offenses that were misdemeanors for which she served no more than sixty days in jail. Id. She has not shown that her criminal history points were improperly calculated. Her counsel cannot have been ineffective in failing to raise frivolous objections. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

V.

Order

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 10, 2019.

JOHN MCBRYDE
United States District Judge

9